ORIGINAL

FILED
U.S. DISTRICT COURT
MIDDLE DIST. GEORGIA

01 AUG 23 PM 3: 50

/s/ Jadie Peters
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BARBARA ODIL, KEITH JOHNSON, JACK BOOZER, JULIAN CLARK, MARGARET COMPERE, RHONDA DAVIS, HERBERT GAINES, EMMA HOLCOMB, RANDY HOLCOMB, DALLAS HOUSE, SANDRA LEONARD, CLARA LIVA, ROY MAYNARD, MARGARITE POPE, PATRICIA RUCKER, AND DAVID ZIMMER, individually and on behalf of all those similarly situated,<br>    *Plaintiffs,*<br><br>v.<br><br>SECRETARY DONALD EVANS AND U.S. DEPARTMENT OF COMMERCE, ECONOMICS AND STATISTICS ADMINISTRATION, BUREAU OF THE CENSUS,<br>    *Defendant.* | Civil Action No. _____<br><br>3:01-cv-70 (DF)<br><br>**COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT - STATUTORY CLASS ACTION

COME NOW Plaintiffs Barbara Odil, Keith Johnson, Jack Boozer, Julian Clark, Margaret Compere, Rhonda Davis, Herbert Gaines, Emma Holcomb, Randy Holcomb, Dallas House, Sandra Leonard, Clara Liva, Roy Maynard, Margarite Pope, Patricia Rucker and David Zimmer, (hereinafter "Plaintiffs"), and file this lawsuit individually and on behalf of all similarly situated individuals against Defendants Secretary Donald Evans, United States Department of Commerce, Economics and Statistics Administration, Bureau of the Census (hereinafter collectively referred to as "Defendant"), and show the following:

## I. Nature of Complaint

1.

This Complaint is filed by Plaintiffs individually and on behalf of all those similarly situated former employees of Defendant who worked on the 2000 Census. Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiffs bring this action to recover from Defendant unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.).

2.

This action seeks declaratory, injunctive, compensatory, liquidated, and other relief from Defendant's unlawful wage and hour practices against the Plaintiffs and all similarly situated current employees and former Defendant employees, on account of Defendant's systemic failure to pay regular or overtime wages to non-exempt employees who worked over 40 hours each workweek during their employment with Defendant, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1346(a)(2) and 29 U.S.C. § 216(b).

4.

Each of the Plaintiffs' claims is for unpaid wages is less than $10,000.00. Venue is proper with this Court pursuant to 29 U.S.C. §216(b); LR 1.4, MDGa.

### III. Parties

5.

Defendant U.S. Department of Commerce, Economics and Statistics Administration, Bureau of the Census conducted the 2000 Census in the United States. Defendant Bureau of the Census employed each of the named-Plaintiffs to work on the 2000 Census.

6.

The Plaintiffs are citizens of the United States and residents of the State of Georgia.

7.

Defendant hired Plaintiff Barbara Odil in or about February 2000.

8.

Defendant hired Plaintiff Jack Boozer in or about 1999.

9.

Defendant hired Plaintiff Julian Clark in or about April 2000.

10.

Defendant hired Plaintiff Margaret Compere in early 2000.

11.

Defendant hired Plaintiff Rhonda Davis in or about February 2000.

12.

Defendant hired Plaintiff Herbert Gaines in 1998.

13.

Defendant hired Plaintiff Emma Holcomb in or about April 2000.

14.

Defendant hired Plaintiff Randy Holcomb in or about May 2000.

15.

Defendant hired Plaintiff Dallas House in or about February 2000.

16.

Defendant hired Plaintiff Keith Johnson in early 2000.

17.

Defendant hired Plaintiff Sandra Leonard in early 2000.

18.

Defendant hired Plaintiff Clara Liva in or about April 2000.

19.

Defendant hired Plaintiff Roy Maynard in or about 1999.

20.

Defendant hired Plaintiff Margarite Pope in or about April 2000.

21.

Defendant hired Plaintiff Patricia Rucker in early 2000.

22.

Defendant hired Plaintiff David Zimmer in or about February 2000.

23.

At no time did any of the Plaintiffs have the authority to affect Defendant's business policies. All Plaintiffs worked for the Defendant as employees of the United States Census Bureau preparing for and taking the 2000 Census.

24.

All Plaintiffs have routinely worked over forty (40) hours a week during most of their employment with Defendant.

25.

In fact, Plaintiffs often averaged working between forty (40) and fifty (50) hours per week during their employment with Defendant.

26.

Throughout their employment with Defendant, Plaintiffs were paid on an hourly basis.

27.

For most workweeks, Defendant paid Plaintiffs only for the first forty (40) hours worked, even though Defendant's local managers knew that, and even directed, Plaintiffs were working more than forty hours per week.

28.

Plaintiffs were "employees" of the Defendant, as that term is defined under FLSA §3(e), 29 U.S.C. §203(e).

29.

The Plaintiffs had no control over the number of hours worked during their employment with the Defendant.

30.

The job duties of all plaintiffs were non-managerial in nature.

31.

The Plaintiffs worked for the Defendant within the last three years.

32.

During the relevant time period, Plaintiffs routinely worked more than forty (40) hours per week as employees of the United States Census Bureau but were rarely paid for this work.

33.

During their employment with the Defendant, the Plaintiffs rarely received the FLSA overtime wage differential of one and a half times their regular hourly rate for each hour worked over forty (40) in a workweek.

34.

Defendants collectively were Plaintiffs' "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d), (e), (s)(1).

35.

Defendant is governed by and subject to FLSA § 7, 29 U.S.C. §207.

36.

Defendant is governed by and subject to FLSA § 4, 29 U.S.C. §204.

## IV. Statutory Class Allegations

37.

Plaintiffs bring this collective action pursuant to 29 U.S.C. §216(b).

38.

Based upon information and belief, Plaintiffs believe that the proposed class will number approximately fifty (50) to two thousand (2000) or more class members. The class is defined as Georgia resident employees of Defendant working for the 2000 Census who were not paid the overtime wage differential for all hours worked over forty (40) each workweek as required by the FLSA during the three (3) years preceding the filing of this Complaint.

39.

All such class members are "similarly situated" in that they are and/or were employees of the Defendant and have not been paid overtime wages when required by the FLSA during their employment with Defendant.

## V. Count I - Violation of the overtime requirement of § 207 of Fair Labor Standards Act

40.

Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

41.

The Defendant has willfully violated FLSA §7, 29 U.S.C. §207, by failing to pay both base and overtime wages equal to one and one-half times base pay for all hours worked in excess of forty (40) per week.

42.

Pursuant to FLSA §16, 29 U.S.C. §216, the Plaintiffs bring this lawsuit to recover unpaid overtime differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII.  Prayer for Relief

43.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)  Order that class-wide notice be sent and/or provided to all prospective class members pursuant to 29 U.S.C. §216;

(B)  Grant the Plaintiffs, individually and on behalf of all similarly situated individuals, a trial by jury as to all triable issues of fact;

(C)  Enter judgment awarding Plaintiffs, individually and on behalf of all similarly situated individuals, unpaid base and overtime wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and

(D)   Award Plaintiffs, individually and on behalf of all similarly situated individuals, such further and additional relief as may be just and appropriate.

Respectfully submitted this 23rd day of August, 2001.

_____
Michael O. Crain
Georgia Bar No. 193079

CRAIN & DAVIS, LLC
337 South Milledge Avenue
Suite 228
Athens, Georgia 30605
Telephone (706) 548-0970
Facsimile (706) 369-8869