IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **BARBARA ODIL, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | 3:01CV70 (DF) |
| vs. : | |
| : | |
| **DONALD L. EVANS, Secretary** : | |
| **of Commerce, United States** : | |
| **Department of Commerce,** : | |
| : | |
| **Defendant.** : | |

## **O R D E R**

Currently pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Expenses (doc. 43). For the following reasons, the motion is granted.

## **I.  BACKGROUND**

This action to recover unpaid overtime wages, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201 *et seq.* (West 1998), was originally initiated by sixteen former federal employees against the Defendant United States Department of Commerce in 2001. The employee-Plaintiffs, each of whom was employed by the Bureau of the Census to help conduct the 2000 decennial census, claimed that in the process of carrying out their work they rendered overtime service without receiving overtime compensation.

After extensive discovery, substantial negotiations, the granting of Defendant's partial motion for summary judgment (doc. 32), more negotiations, and some preliminary trial preparation, the parties reached a settlement. Under the terms of the settlement, the Defendant agreed to pay the Plaintiffs $19,606.78, a figure representing the total amount of unpaid overtime wages, and the Plaintiffs agreed to waive their entitlement to liquidated damages under the FLSA (an amount equal to the sum recovered). The Court entered a consent judgment reflecting the parties' settlement on December 7, 2005 (doc. 41).

The parties were not able to come to an agreement on the issue of attorneys' fees and have therefore asked the Court to determine an appropriate amount. It is undisputed that the Plaintiffs are entitled to recover their fees and expenses. Indeed, such an award is mandated by § 216 of the FLSA, which provides that: "The court in such action [to recover unpaid overtime wages] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216. Consequently, the Court need only determine what amount is reasonable under the circumstances. In considering this issue, the Court has benefitted from the parties' written briefs and from a hearing held on December 27, 2005.

## II.  DISCUSSION

"The determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion." **Kreager v. Solomon & Flanagan, P.A.**, 775 F.2d 1541, 1543 (11th Cir. 1985).  To determine what amount is reasonable, the Court begins with the lodestar formula as refined by the Supreme Court and as applied by the Eleventh Circuit.  *See* **Hensley v. Eckerhart**, 461 U.S. 424 (1983); *see also* **Norman v. Hous. Auth. of Montgomery**, 836 F.2d 1292 (11th Cir. 1988).[1]

The "lodestar" is the product yielded by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate.  *See* **Norman**, 836 F.2d at 1299.  When the fee applicant "has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee to which counsel is entitled." **Pennsylvania v. Dela. Valley Citizens' Council**, 478 U.S. 546, 564 (1986) (internal quotation marks

---

[1] The lodestar approach is appropriate for calculating a "reasonable" fee under § 216(b) of the FLSA.  *See* **Pennsylvania v. Dela. Valley Citizens' Council**, 478 U.S. 546, 562 (1986) (applying the lodestar formula to determine a fee's reasonableness under § 304(d) of the Clean Air Act and noting that "[t]here are over 100 separate statutes providing for the award of attorney's fees; and although these provisions cover a wide variety of contexts and causes of action, the benchmark for the awards under nearly all of these statutes is that the attorney's fee must be 'reasonable.'").

omitted). It is thus "more than a mere 'rough guess' or initial approximation of the final award to be made." **Id.** Nevertheless, calculating the lodestar does not necessarily end the inquiry. From there, the Court must consider whether there is a case-specific need to adjust that amount upward or downward. *See* **Norman**, 836 F.2d at 1302.

Two law firms litigated this case on the Plaintiffs' behalf. Each firm has submitted a separate fee request showing the number of hours worked, the hourly rates billed, and the distribution of labor between attorneys and paralegals. A summary of the fee requests is as follows:

**Crain & Davis, LLC:**

| | | | | |
|---|---|---|---|---|
| Michael Crain | $225/hr | x | 192.27 hrs | = $43,260.75 |
| Melissa Dehnardt | $65/hr | x | 29.7 hrs | = $ 1,930.50 |
| | | | Total | $45,191.25 |

**Blasingame, Burch, Garrard & Ashley, PC:**

| | | | | |
|---|---|---|---|---|
| Henry Garrard | $250/hr | x | 38.10 hrs | = $ 9,525.00 |
| Gary Blasingame | $250/hr | x | 20.10 hrs | = $ 5,025.00 |
| Ralph Beaird | $250/hr | x | 223.2 hrs | = $55,800.00 |
| Matt Mosley | $125/hr | x | 11.9 hrs | = $ 1,487.50 |
| Anne Price | $50/hr | x | 64.3 hrs | = $ 3,215.00 |
| | | | Total | $75,052.50[2] |

**Grand Total   $120,243.75**

---

[2] Plaintiffs' supporting brief lists $75,062.50 as the amount attributable to the Blasingame law firm. The Court's math reveals a $10.00 discrepancy; though inconsequential given the overall amount of the fee request, the discrepancy will be resolved in favor of Defendant.

The Plaintiffs seek recovery of the lodestar amount—$120,243.75.[3] That figure represents the value of the work performed on this case by five attorneys and two paralegals over the past four years. The Defendant does not challenge the reasonableness of the hourly rates used in calculating the lodestar or the reasonableness of the hours claimed. And, with a minor caveat addressed toward the end of this Order, the Court has no reason to suspect that the hourly rates charged or the number of hours claimed are otherwise out of step with those which would be sought in a lawsuit of a similar nature and duration.

Instead, the Defendant argues for a general, equitable reduction, stressing that the Court should view the lodestar for what it is—simply a baseline from which to begin the analysis. Emphasizing the Court's discretion in this context, the Defendant further urges the Court to adjust the lodestar downward based on a number of factors unique to this case.

In arguing for an equitable reduction, the Defendant primarily focuses on four issues: (1) the results obtained by the Plaintiffs, (2) the novelty/difficulty of

---

[3] This figure does not reflect expenses. The Plaintiffs seek a total of $5,362.32 in expenses, an amount which, judging by the material accompanying the Plaintiffs' fee request, appears to be reasonable in all respects. Moreover, the Defendant has not contested this amount. The Plaintiffs shall therefore be awarded $5362.32 in expenses, obviating the need for them to seek costs as prevailing parties under Rule 54 of the Federal Rules of Civil Procedure.

the legal issues involved, (3) the good-faith manner in which the Defendant conducted itself throughout the course of the litigation, and (4) the excessive proportion of the fees sought compared to the sum recovered.

The Supreme Court has admonished lower courts to refrain from making adjustments to the lodestar based on reasons that have already been taken into account in calculating the lodestar itself. *See* **Dela. Valley**, 478 U.S. 546, 565 (1986). Adjustments to the lodestar are permissible, but any adjustments deemed necessary by the Court must be made with caution and justified with specificity. **Id.** This is because the factors typically cited by courts as justifying a departure from the lodestar—"the 'novelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation—are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award."[4] **Id.** (quoting **Blum v. Stenson**, 465 U.S. 886, 888-900 (1984)).

The Court will address each of the Defendant's arguments in turn.

---

[4] Though the Supreme Court's treatment of lodestar departures in **Dela. Valley** dealt only with the propriety of upward adjustments, this Court, seeing no reason why a distinction should be drawn, finds the rationale underlying the **Dela. Valley** holding equally persuasive with respect to downward adjustments like the one urged here.

### A.  Results Obtained

First, with respect to the results obtained, the Defendant highlights the fact that the Plaintiffs' attorneys failed to obtain relief for four of the original sixteen plaintiffs; two of whom were dismissed by the Court after the Defendant was granted partial summary judgment, and two of whom were voluntarily dismissed after it became clear through discovery that their claims could not be supported by the evidence.  Thus, the terms of the parties' settlement required the Defendant to pay uncollected overtime wages only to twelve plaintiffs.  The hours claimed in the fee petition submitted to the Court have already been discounted to reflect the Defendant's success with respect to these plaintiffs.  Crain Aff. ¶ 6, Ex. 1 to Pls.' Mot. Attnys. Fees, doc. 43; Garrard Aff. ¶ 4, Ex. 2 to Pls.' Mot. Attnys. Fees, doc. 43.  The fact that the Plaintiffs achieved only partial success has therefore already been accounted for in the lodestar formula.  Consequently, the Court declines to further reduce the fee on this ground.

### B.  Novelty/Difficulty of Issues Involved

Second, with respect to the novelty/difficulty of the issues involved, the Defendant notes that this was essentially a run-of-the-mill FLSA action for unpaid overtime wages, a case not raising particularly difficult legal concepts.

The Defendant has not argued, however, that the hours claimed are excessive compared to the number of hours that would normally be reasonably expended on a straightforward FLSA case. Furthermore, the novelty/difficulty factor sometimes invoked by courts to adjust a petitioner's fee request is generally presumed to be reflected in the hourly rate and hours-claimed components of the lodestar formula. The Court has been given no reason to question the validity of this presumption. Thus, a fee reduction is not warranted on this ground.

### C. Good-Faith Litigation

Next, the Defendant argues that the amount of fees should be reduced to reflect the fact that at all times during the course of this litigation it maintained a valid defense. The Defendant also points out that it did not obstinately refuse to participate in settlement negotiations or various other matters along the way. There can be no question but that the Defendant's attorney (along with the Plaintiffs' attorneys) performed professionally at all times. There have been no signs of stubborn litigiousness or refusal to deal in good faith. Nor has the Defendant asserted frivolous defenses to the Plaintiffs' claims. Indeed, the able service of all the attorneys involved in this litigation is to be commended. But it does not follow from the fact that this case was defended in good faith that the

amount of fees to which the Plaintiffs are entitled should be reduced. The purpose of the FLSA's fee-shifting provision is not to punish those who engage in bad-faith litigation tactics or who assert meritless legal defenses; rather, it is to "provide an adequate economic incentive for private attorneys to take employment discrimination cases and thereby to ensure competent legal representation of legitimate claims." **Hauschild v. United States**, 53 Fed. Cl. 134, 146 (Fed. Cl. 2002) (internal quotation marks omitted). Accordingly, good-faith behavior, though certainly admirable, cannot serve as a legitimate basis for reducing the amount of attorneys' fees the Plaintiffs are entitled to recover.

### D. Proportion of Attorneys' Fees to the Sum Recovered

Finally, the Defendant argues for a reduction on the grounds that the proportion of the fees sought is excessive in relation to the amount of damages actually recovered. The amount of fees sought—$120,243.75—is roughly six times greater than the overtime wages recovered—$19,606.78. The Court has found no case delineating a hard-and-fast rule regarding when a claimed fee will be deemed excessive in relation to the monetary relief recovered. And this is hardly surprising. In the context of other fee-shifting statutes, there is no rule requiring strict proportionality *See* **City of Riverside v. Rivera**, 477 U.S. 561 (1986) (construing

42 U.S.C. § 1988). Instead, the relationship between the amount of attorneys' fees sought and the amount of relief recovered is but one factor to be considered in fashioning an appropriate award. Given the duration of this lawsuit, the number of individual, fact-intensive claims involved, the number of attorneys who worked on behalf of the Plaintiffs, and the extensive discovery required to develop the factual basis for a negotiated settlement, the Court concludes (subject to the limitations addressed in the following paragraph) that the fees sought are not excessive in relation to the amount of money actually recovered by the Plaintiffs.

### E.  The Court's Observations

Although the Defendant did not question the hourly rates charged by any of the Plaintiffs' attorneys, the Court has determined that the rates charged by Matt Mosely, Gary Blasingame, and Henry Garrard must be adjusted downward by $25.00/hr.[5] This adjustment is necessary to bring the fee award into line with what is, in the Court's view, a proper hourly rate for litigation involving fee-shifting statutes in the Middle District of Georgia. The Court, based on fee awards it has previously authorized, believes that the top hourly rate for this type of litigation in this District is $250.00/hr. It is possible that the top rate should be increased to

---

[5] This will result in a total reduction of $1,752.50.

$300.00/hr for those attorneys with a long history of involvement in cases such as this one, including those with extensive experience in civil-rights litigation. In future cases, the Court may consider awarding an increased hourly rate. But that is an issue for another day.

The Court further believes that, while strict proportionality is not required, an award of fees to five attorneys in this case—three of whom have billed at the top hourly rate—totaling $115,098.25 is excessive under the circumstances.

The Court fully understands that Mr. Blasingame and Mr. Garrard are very experienced lawyers with an AV Rating in the Martindale-Hubbell Law Directory. The reduction of their fees should not give them any concern that the Court feels that they are not as qualified as co-lead counsel Michael Crain, who has no rating at all in Martindale-Hubbell. It is apparent that Mr. Crain is highly regarded as a very competent attorney in cases such as this, and in others involving fee-shifting provisions. Perhaps it is time that Mr. Crain be given a rating in Martindale-Hubbell commensurate with his skills.

### III. CONCLUSION

The Court appreciates the Defendant's appeal to equity in seeking to have the fee award reduced from what it perceives to be a rather large sum vis-à-vis the

amount of overtime wages actually recovered.  And the Court recognizes that in some instances a reduction from the lodestar may be appropriate.  But by the same token it must also be conceded that the Plaintiffs' attorneys are entitled to be fully compensated for the work they performed in securing relief for their clients.

In this case, the primary equitable considerations identified by Defendant as warranting a fee reduction have already been accounted for by the lodestar formula itself.  Without a principled, objective basis upon which to justify a departure from the lodestar, the Court cannot in good conscience endorse what would essentially amount to an arbitrary reduction in the amount of fees and expenses sought in this case.[6]  Aside from the minor adjustments mentioned above, the lodestar will remain intact.

Accordingly, the Plaintiffs' Motion for Attorneys' Fees and Expenses is hereby **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of the Plaintiffs in the amount of $123,853.57—$118,491.25 of which shall represent attorneys' fees and $5,362.32 of which shall represent litigation expenses.

---

[6] The reason for the Court's reluctance to depart from the lodestar in this case was aptly expressed by Justice O'Connor when she noted that: "To be 'reasonable,' the method for calculating a fee award must be not merely justifiable in theory but also objective and nonarbitrary in practice." **Pennsylvania v. Dela. Valley Citizens' Council**, 483 U.S. 711, 732 (1987) (O'Connor, J., concurring).

SO ORDERED, this 30th day of December, 2005.


                                          **/s/ Duross Fitzpatrick**
                                          DUROSS FITZPATRICK, JUDGE
                                          UNITED STATES DISTRICT COURT


DF/sew